JNO. JOHNSON & JNO. E. DIXON, *Plaintiffs in Error*,

*vs.*

JAS. C. MEEKER & JNO. HUBERT, *Defendants in Error.*

ERROR TO THE COUNTY COURT OF ROCK COUNTY.

The Revised Statutes of 1849 allowed any person to sell spirituous liquor who had obtained a license to sell it, and had given the bond prescribed by the statute.

Mere illegality in the consideration of a promissory note, will not defeat an action upon it in the hands of an innocent holder, to whom it was endorsed before maturity, for a valuable consideration.

The provision in the Revised Statutes, in relation to suits brought on notes or accounts, given or made for the purchase of spirituous liquors, *(chap.* 29, § 5,) affected the remedy merely, but did not render the note void. It did not render the sale of the liquor unlawful, but only provided that suits brought on such notes or accounts should be dismissed.

When the remedy upon a contract has been superseded by a statute, the repeal of the statute restores the remedy, except where rights have become vested by virtue of the statute while in force.

The right to have a suit dismissed, as provided by section 13 of chapter 29 of the Revised Statutes, is not such a right as is saved by the act of 1850 repealing that chapter, the suit not having been brought while that chapter was in force.

This cause was brought by the defendants in error against the plaintiffs in error upon two promissory notes. The declaration was in the common counts, with the following notice :

" The within named defendants will take notice, that the following is a true copy of the notes on which this suit is brought, and is the plaintiffs' bill of particulars."

A copy of two notes followed, dated Janesville, May 15, 1849, made by John Johnson and John E. Dixon, payable to Stevens & Older, or order, for one hundred and sixty-four dollars and seventy-two cents

each, on or before the first day of February (then) next, with interest at seven per cent. till paid, and endorsed by Stevens & Older.

The defendants pleaded, 1. Non-assumpsit. 2. *Actio non*, because they say that the two certain promissory notes, described by the notice appended to said declaration of the said plaintiffs, and upon which the said action of the said plaintiffs is brought, were given by the said defendants to Stevens & Older for spirituous liquors, to wit: one thousand gallons of whiskey, one hundred gallons of rum, one hundred gallons of gin, and one hundred gallons of brandy; and that the said promissory notes were executed and delivered by the said defendants to the said Stevens & Older on the 15th day of May, A. D. 1849, to wit: at Janesville, in said county, wholly for liquor bills, concluding with a verification and prayer for judgment.

3. *Actio non*, because they say, that on the 15th day of May, in the year of our Lord 1849, at Janesville, in said county of Rock, the said defendants purchased of Stevens & Older a large quantity of spirituous liquor, to wit: one hundred gallons of brandy, one hundred gallons of gin, one hundred gallons of rum, and one thousand gallons of whiskey; and that afterwards, to wit, on the day and year last aforesaid, at the place aforesaid, the said defendants executed and delivered to the said Stevens & Older the two certain promissory notes set forth and described, with the said plaintiffs declaration in a notice, a copy of which promissory notes is therein given to the said defendants, in conformity with the statute, &c.; and the said defendants aver that the said two promissory notes aforesaid were given by the said defendants for the bills of the said spirituous liquors so purchased as

June Term,
1853.

Johnson and
Dixon
vs.
Meeker and
Hubert.

aforesaid. And the said defendants aver, that the said promissory notes, so given as aforesaid to the said Stevens & Older, for the bill of the said spirituous liquors aforesaid, are the same, and not other and different promissory notes that are described and set out in the notice accompanying the declaration of the said plaintiffs. And said defendants in fact further say, that the said Stevens & Older are now beneficially interested in the said notes, and that the same are only held by the said plaintiffs as collateral security for the payment of certain debts due to the said plaintiffs from the said Stevens & Older, concluding with a verification and prayer of judgment.

4. *Actio non*, because, &c., averring that the notes were given to Stevens & Older for spirituous liquor purchased of them, and that, at the time of the giving of the notes, the said Stevens & Older had had no license to vend or retail spirituous liquors at Janesville, in said county, and that the said Stevens & Older had not executed a bond to the treasurer of the town of Janesville, the place where, &c.; and aver that the notes were given for spirituous liquors, sold by the said Stevens & Older contrary to the statutes of the State of Wisconsin. Concluding as the other pleas.

The plaintiffs demurred severally to the second, third and fourth pleas, and specified the following causes of demurrer :

To the second plea, " that it is not averred in said plea that Stevens and Older were not licensed to sell spirituous liquors ; that it is not averred that he had not given the bond required by statute ; and, that it is not averred in said plea that the plaintiffs are not *bona fide* holders of the notes, or that they had notice, &c.

To the third plea, that it is not averred in said plea that Stevens & Older were not licensed, &c.; that it is not averred Stevens & Older had given the bond, &c.; that it is not averred that said plaintiffs are not *bona fide* holders ; or had notice, &c.

To the fourth plea, that it is not averred therein that the plaintiffs are not *bona fide* holders ; or had notice, &c.

There was joinder in demurrer, and upon the issue of law so joined the County Court gave judgment for the plaintiffs below against the defendants below, for $379.48 damages and costs, to reverse which this writ of error is brought.

*J. A. Sleeper*, for the plaintiffs in error.

1. The demurrer to the second plea, admits that the notes were given for liquor bills ; the demurrer to the third plea admits the same, and that the defendants in error held the notes as collateral security for the payment of a debt due from Stevens & Older to them, and that Stevens & Older were beneficially interested in the notes. The demurrer to the fourth plea admits that the notes were given in whole for liquor bills, that the liquor was sold by Stevens & Older, the payees, to Johnson & Dixon, the makers, and that Stevens & Older had no license, and that they had not executed the bond required by law.

2. By the statements in all the pleas, it appeared to the court, that these notes were given in whole for liquor bills, and it at once became the duty of the court to dismiss the suit at the costs of the plaintiffs. *R. S. Chap.* 29, § 1, 5, 9 ; *Sess. L.* 1850, *Chap.* 139, § 5, 13. And it was immaterial in whose hands the same were, or whether holders were *bona fide* owners

or not, for the suit must be dismissed when the fact is made to appear that the consideration of the note is liquor. *R. S. Chap.* 29, § 5.

3. The third plea, however, alleges that the plaintiffs were not *bona fide* holders of the notes; i. e. that they held them as collateral security for a debt due them from Stevens & Older, the payees. *R. S. Chap.* 29, § 5; 1 *Am. Lead. Cases* 191, *and note and cases there cited*; 11 *S. & R.* 377; 6 *Whart.* 220.

4. But it is said that the repeal of Chap. 29 R. S., renders these notes free from taint, and that they are, since the statute of 1850, the proper foundation of an action, even in the name of the payees. This is denied, for the reason, that repealing section excepts from the operation of the statute " any prosecution already commenced, or right accrued under the law" thereby repealed. *Sess. L.* 1850, *p.* 111, § 13.

The right to have a suit, brought upon these notes in any court, dismissed at the costs of the plaintiffs, accrued to the makers the very instant the same were delivered, and this right has been expressly reserved to them, and the court below should have protected them in that right.

No appearance for the defendant in error.

*By the Court*, WHITON, C. J. We do not think that either of the special pleas, constitutes a good defence to this action. The first one is clearly bad, as it only avers that the notes in suit, were given by the defendants to Stevens & Older, for spirituous liquors, without alleging that they are interested in the notes, or any fact to show that the sale of the liquor was unlawful. The second one we

Juns Term,
1853.

Johnson and
Dixon
vs.
Meeker and
Hubert.

think equally bad, for omitting to allege any fact to show that the sale of the liquor was unlawful, although it contains the averment that Stevens & Older are beneficially interested in the notes.

Admitting that the plaintiffs are not entitled to the protection which the law gives to the *bona fide* holders of commercial paper to whom it is endorsed before due, in the usual course of business, there is nothing contained in this plea to constitute a defence to an action brought on the notes by Stevens & Older, the payees.

For aught that is alleged in the plea, they had a perfect right to sell the liquor for which the notes were given. The statute in force at the time when the notes were made, allowed any person to sell spiritous liquor who had obtained a license to sell it, and had given the bond prescribed by the statute.

The third special plea, alleges that the notes were given to Stevens & Older for the price of spirituous liquor; that they had no license to sell the liquor, that they had not given the bond prescribed by the statute, and that the liquor was sold contrary to the statutes of the State.

This plea would have been good, if it had contained the averment made in the second special plea, that S. and O. were beneficially interested in the notes; but as it contains no such averment, we do not see how it can be sustained. It alleges facts which show that the sale of the liquor was unlawful, and if the contest was between S. and O. and the defendants, or if the plaintiffs could not be considered as endorsees, receiving the notes before due in the usual course of business, there would not be any doubt that the plea was a good defence to the action. But this is

June Term,
1853.

Johnson and
Dixon
vs.
Meeker and
Hubert. not the case. The plaintiffs are to be viewed in the light of innocent holders of the notes for a valuable consideration, to whom they were endorsed before due in the usual course of business, and when this is the case, mere illegality in the consideration of a note will not defeat an action upon it. (*Story on Promissory Notes, Sec.* 192, *and the authorities there cited.*)

But it is contended by the plaintiff in error, that by the statute in force at the time the notes were given, the defendants became entitled to have the suits dismissed. (*Rev. Stat. Chap.* 29, *Sec.* 5.) By that section it is provided that "no suit for liquor bills shall be entertained by any courts of this State ; and whenever it shall be made to appear to any court before which a suit may be pending on a promissory note, that such note was given in whole or in part for liquor bills, such court shall immediately dismiss such suit at the cost of the plaintiff." This provision was not in force when the suit was brought, having been repealed by the legislature. (*Sess. Laws* 1850, 111.) We do not think that the section of the Revised Statutes above recited, can have the effect contended for by the plaintiff in error. It will be seen that it did not make the notes void, nor the sale of the liquor for which they were given unlawful, but merely provided that suits brought upon them, should be dismissed. It affected the remedy upon the contract only by refusing the aid of the courts in the recovery of the sums due upon the notes.

And we believe the rule of universal application is, that when the remedy upon a contract has been suspended by a statute, the repeal of the statute, restores the remedy in all cases, except where rights have

become vested by virtue of the statute while it was in force.

JUNE TERM,
1853.

Johnson and
Dixon
vs.
Meeker add
Hubert.

And this cannot be said to be the case in the instance before us.

It is true, that in this case, the repealing act, saves "any prosecution already commenced, or right accrued" under the law repealed, but we do not think, that the right of the defendants to have the suit dismissed, while the statute was in force, is such a right as the repealing act saves.

Upon the whole we can see no error in the ruling of the court below, and consequently the judgment must be affirmed.