GRAHAM and others vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*May 13 — May 27, 1880.*

*Amendment of complaint.*

A complaint against a railway company for the statutory penalty for charging and receiving for the carriage of freight a greater sum than was allowed by the statute, may be amended, after the repeal of the statute, so as to go merely for the amount wrongfully taken in excess of the statutory rates. *Smith v. Railway Co.*, *ante*, p. 443, followed.

APPEAL from the Circuit Court for *Crawford* County.

This action was commenced before the repeal of sec. 6, ch. 273 of 1874, commonly known as the "Potter Law," and was for the penalty provided by that section for charging and receiving for the carriage of freight a sum in excess of the rates

JANUARY TERM, 1880.    533

Graham and others vs. The C., M. & St. P. R'y Co.

prescribed by that act. After the repeal of that section by sec. 13, ch. 57 of 1876, plaintiffs amended their complaiht, so as to charge defendant merely with the difference between the rates demanded and paid and the rates fixed by the statute in force at the time of the carriage. The printed case does not set forth the amended complaint; but it seems to have been similar in form to that in *Smith v. C. & N. W. R'y Co., ante,* p. 443. Defendant moved to strike the amended complaint from the files of the court, on the ground that the so called amendments were not such as are allowed by law, but changed the action from one in tort for a statutory penalty to one on implied contract; and it appealed from an order denying the motion.

*John W. Cary,* for the appellant, to the point that the amended complaint states a cause of action on an implied contract for money had and received, argued substantially as follows: The allegations in the complaint are to the effect that defendant, having plaintiffs' property in its possession, and having a lien thereon, claimed a larger amount than plaintiffs were willing to allow, and larger than the courts have since decided it was entitled to, and refused to deliver the property to plaintiffs except upon payment of the amount demanded; and that plaintiffs paid the amount under protest, and took the property. These facts are sufficient to sustain an action of assumpsit, for money had and received; but not sufficient to sustain an action of tort. The *gravamen* of the action is not in tort, but in contract. It is not alleged that the defendant, *knowing* that it was only entitled to the amount tendered by plaintiffs, willfully procured the payment of a larger sum; and there is no *issuable* allegation whatever that there was any fraud or wrong intended or committed by the defendant. True, the complaint states that defendant "unlawfully demanded, extorted, charged, took and received," etc.; but these words do not characterize the action. Tort cannot be charged except by alleging *facts* which show a tortious or unlawful act. *Super-*

*visors of Kewaunee Co. v. Decker*, 30 Wis., 624. When a party fails to pay his note or to perform any other contract obligation, it is easy to allege that he wrongfully or unlawfully does so; but this does not make the action one in tort. 2 Chitty's Pl., 90. It is true that common carriers may be sued on their contracts, or upon a debt which arises under the custom of the realm, for acts or omissions in regard to transportation of goods received by them for carriage; but this rule would not allow a suit in tort against the common carrier for money had and received in payment for such carriage, or alleged payment thereof, when only assumpsit could be maintained on the same facts against any person not a common carrier.

For the respondent there was a brief by *Hazelton & Provis*, and oral argument by *Mr. Provis.* They relied on the decision in *Smith v. C. & N. W. Railway Co., ante*, p. 443, and the cases there cited.

ORTON, J. This case is ruled by the opinion in the case of *Smith v. The Chicago & Northwestern Railway Co.*, decided at the present term.

We have carefully reconsidered that opinion, in the light of the argument and authorities of the learned counsel of the appellant, as well as of the learned counsel of the appellant in the above case on motion for a rehearing, and can find no good reason for changing it.

*By the Court.*—The order of the circuit court is affirmed, with costs, and the cause remanded for further proceedings according to law.