LEIGHTMAN v. KADETSKA ET AL.

1. **Promissory Note**: EXECUTED ON SUNDAY: DEFENSE. The maker of a note purporting to be executed upon a secular day, but in fact executed on Sunday, has no equity existing in his favor as against the payee or a *bona fide* assignee after maturity. It is only against a person in equal fault that a defendant can be allowed to allege his own turpitude.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 13.

ACTION upon a promissory note executed by the defendants, John Kadetska and John Ludwig, to the defendant, Wensel Calansky, and by him indorsed to the plaintiff. The defendant, Ludwig, for answer, averred that he signed the note as surety for Kadetska; that it was executed and delivered upon Sunday, and transferred to the plaintiff after maturity. There

was a trial without a jury, and judgment was rendered for the plaintiff. The defendant appeals.

*L. Bullis*, for appellant.

*O. J. Clark*, for appellee.

ADAMS, J.—The action was tried upon an agreed statement of facts which showed that the note, although purporting to

1. PROMISSORY note: executed on Sunday: defense.

be executed upon a secular day, was, in fact, executed and delivered upon Sunday; and that it was transferred after maturity, for value, to the plaintiff who took it without knowledge that it was not executed on the day of its date.

The defendant, Ludwig, insists that as the note was transferred to the plaintiff after maturity, he took it subject to any defense which the defendant might have set up, if it had not been transferred, and an action had been brought thereon by the payee.

That the defendant may, in such case, set up any *equity* which existed in his favor, as against the payee is, of course, not to be denied. But the defendant's difficulty is, that he does not show that any equity existed in his favor as against the payee. The rule which would have allowed the defendant to defeat the action if it had been brought by the payee, is not based upon such idea. The point presented in this case was expressly ruled in *Johns v. Bailey*, 45 Iowa, 241. It is only against a person in equal fault that a defendant can be allowed to allege his own turpitude.

The judgment of the Circuit Court is

AFFIRMED.