Stoddard vs. Burt and another.

STODDARD, Respondent, vs. BURT and another, Appellants.

75 — 107
f110 — 152
53 LRA 650

*October 21 — November 5, 1889.*

*Arrest and bail: Action for conversion of property lost in gambling: Tort or contract?*

Under our statutes an action to recover the value of property lost in gambling, and which the defendant has converted to his own use, is one in tort, and the defendant may be arrested therein.

APPEAL from the Circuit Court for *Portage* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

On December 3, 1888, the plaintiff made an affidavit for the arrest of the defendants, wherein he stated, in effect,

Stoddard vs. Burt and another.

that he had a good cause of action against the defendants arising out of the following state of facts: That, October 11, 1888, the plaintiff was lawfully possessed of certain goods, chattels, and moneys hereinafter mentioned, and which were then, and ever since have been, the property of the plaintiff; that on the day and year last named the defendants enticed and induced the plaintiff to play a game of cards with them; that the plaintiff was at the time intoxicated, and while in that condition played with the defendants the said game of cards, wherein money, or chips representing money, was wagered and bet upon cards; that by means of said game of cards, and the moneys that the plaintiff was induced to wager upon the cards which were dealt to him, the defendants wrongfully, wilfully, and unlawfully took from the possession of the plaintiff two certain checks drawn on the Commercial Bank of Stevens Point, signed Altenberg & Stoddard, drawn in favor of David Burt,— one for $200, and one for $45,— besides the sum of $20 in currency, good and lawful money of the United States, which money consisted of gold and silver coins, bank-bills, and United States currency notes of different denominations; that said checks were obtained by the defendants, and were by them presented to said bank, and the sum of $245 of the plaintiff's money deposited in said bank obtained thereon; that the value of all the plaintiff's property so obtained from him by the defendants was $265; that the plaintiff, by his attorneys, did, on or about October 20, 1888, and at divers other times both before and after said date, demand of said defendants the return of said property, but that they refused to return the same or any part thereof, and that they had converted the said goods, chattels, and moneys to their own use, to the damage of the plaintiff in the sum of $265; that the plaintiff was about to commence, by the summons thereunto annexed, an action in the circuit court of Portage county

against the said defendants upon the cause of action above stated.

The said affidavit was accompanied by the usual undertaking for an arrest in such cases. Thereupon, and on December 4, 1888, the plaintiff obtained from the county court for said Portage county an order directed to the sheriff of said county, requiring him to forthwith arrest said defendants, and hold them to bail in the sum of $400 each by a written undertaking, as required by the statute. Thereupon, and on December 5, 1888, the said sheriff served said summons upon each of the defendants, and also arrested each of them, and held them to bail, as required by sec. 2697, R. S., and delivered to each of them true and correct copies of said affidavit, undertaking, and order of arrest. On the same day the defendants gave bail, as required by statute. Thereupon, and on December 6, 1888, and before any other proceedings were had in the action, the defendants moved the said circuit court to set aside said order of arrest, and based the same upon said affidavit and order of arrest. Upon the hearing of that motion, December 24, 1888, the said circuit court, on motion of the plaintiff's attorneys, ordered that the motion be, and the same was thereby, denied, with $10 costs of such motion. From that order the defendants appeal.

For the appellants there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*. They contended, *inter alia*, that a defendant in an action to recover money lost in gambling cannot be arrested. Art. I, sec. 16, Const.; sec. 2688, R. S. A cause of action to recover money lost in gambling is created by the statute. Sec. 4532, R. S. Without the statute there would be no cause of action. Money lost at play and paid over to the owner cannot be recovered back by the loser, because the parties are *in pari delicto*. *Adams v. Barrett*, 5 Ga. 404; *Babcock v. Thompson*, 3 Pick. 446; *Gill v. Webb's Adm'r*, 4 Mon. 299; *Welsh*

*v. Cutler*, 44 N. H. 561. Neither can it be collected from a stakeholder before paying over. *Murdock v. Kilbourn*, 6 Wis. 468. A defendant cannot be arrested in an action, the cause of which is created by statute, unless such statute expressly authorizes such arrest. *Tompkins v. Smith*, 62 How. Pr. 499; *Gibbs v. Larrabee*, 23 Wis. 495.

For the respondent there was a brief by *Lamoreux & Park*, and oral argument by *B. B. Park*.

CASSODAY, J. The only question presented upon this appeal is whether the defendants were liable to arrest for taking, detaining, and converting to their own use moneys and property won by them and lost by the plaintiff while gambling with each other. The learned counsel for the defendants strenuously insist that they were not so liable. In support of their contention, they rely mainly upon the decision to that effect in *Tompkins v. Smith*, 62 How. Pr. 499, affirmed in 89 N. Y. 602. It was there said by the court that "there can be no doubt that no right of action existed at common law to recover back moneys lost in gaming. The extent to which the courts went was to hold that the law would not enforce such contracts. The action is solely a creature of the statute." It is then, in effect, said that the original statute in New York simply gave an action "of debt, as for money had and received," to recover back the same. But, as there shown, the statutes, as revised, omitted the word "debt," and provided, in effect, that the loser might "sue for and recover the money or value of the things so lost or paid or delivered, from the winner thereof." That language was in that case construed to be substantially the same as before such revision, and hence did not authorize an arrest, nor bring the case within the provision of the Code of that state which authorized an arrest for "the wrongful taking and detention or conversion of personal property."

It was said by the late Mr. Justice MATTHEWS, speaking for the court, in effect, that wagering contracts " were not void at common law," in England, and that the statutes there did not make "them illegal, but only non-enforceable; . . . while, generally, in this country, all wagering contracts are held to be illegal and void as against public policy." *Irwin v. Williar*, 110 U. S. 510. He there cites numerous decisions in support of these statements,— including one from this court.

Our statutes provide, in effect, that "any person who shall bet or wager any money, property, or anything of value at or upon any game played by himself, or by another, with . . . any cards, . . . shall be punished by imprisonment, . . . or by fine," etc. Sec. 4530, R. S. They also provide, in effect, that "any person who, by playing at any game, or by betting or wagering on any game, . . . or on the issue or event thereof, . . . shall have put up, staked, or deposited with any stakeholder or third person any money, property, or thing in action, or shall have lost and delivered the same to any winner thereof, may, within" the time named, "sue for and recover the same from such stakeholder or third person, whether" the same "has been lost or won, or whether it has been delivered over . . . to the winner or not; and may, within" the time specified "sue for and recover such money, property, or thing in action from the winner thereof, if the same has been delivered over to such winner." Sec. 4532. The statutes further provide, in effect, that "any person who shall lose or win any money, property, or thing in action by gambling, . . . or by betting upon any game, . . . shall be punished by fine," etc. Sec. 4535. The statutes also provide that "all promises, agreements, notes, bills, bonds, or other contracts, mortgages, conveyances, or other securities, where the whole or any part of the consideration of" the same "shall

---

Stoddard vs. Burt and another.

---

be for money, or other valuable thing whatsoever, won or lost . . . upon any game of any kind, . . . shall be absolutely void." Sec. 4538.

The manifest purpose of these statutory provisions is to make any and all gambling unlawful and punishable; to nullify and avoid any and all contracts, transfers, and transactions based thereon or growing out of the same; and to prevent any person from acquiring any legal right or title to any property of another by gambling. They, moreover, entirely remove the disability of the loser which existed at common law by reason of the parties being *in pari delicto*, and clothe him with the robe of innocence so far as to enable him to retake and reclaim the specific property he has lost while the same may be identified in the possession of the stakeholder or winner, or, in case the winner has converted the same, to recover from him the value thereof. Such right of the loser to recover such specific property is based on the theory that such property has been unlawfully taken and is unlawfully detained by such stakeholder or winner, and hence the action to recover the same is necessarily in *tort*. The mere fact that the winner has succeeded in converting to his own use the property thus unlawfully taken, does not prevent the action by the loser to recover the value thereof from the winner being in *tort*. This court has repeatedly held that a cause of action to recover back excessive charges exacted by and paid to a railway company in violation of law is in *tort*, and not on contract. *Smith v. C. & N. W. R. Co.* 49 Wis. 443; *Graham v. C., M. & St. P. R. Co.* 49 Wis. 532; *S. C.* 53 Wis. 473. The case presented is stronger in principle, since the statute in question is much more severe. We must hold that the cause of action stated in the affidavit for arrest is in *tort*.

The question remains whether our statute authorizes the arrest for such cause of action. The statute expressly prohibits an arrest " in a civil action, except as prescribed by "

ch. 122, R. S. Sec. 2688, R. S. But that statute expressly provides, in effect, that "the defendant may be arrested . . . in an action . . . . for wrongfully taking, detaining, or *converting* property." Subd. 1, sec. 2689, R. S. The law, as stated above, and as applied to the cause of action alleged in this case, makes it very apparent that the defendants unlawfully took and received the property of the plaintiff described, and thereupon unlawfully converted the same to their own use. By so doing, they brought themselves directly within the provisions of the section of the statute last cited, and hence subjected themselves to arrest at the suit of the plaintiff.

*By the Court.*— The order of the circuit court is affirmed.