Thomas M. Hunter, Bailiff, v. John H. Suderwski et al. On Appeal of John H. Suderwski, Appellant, v. Franz Koch et al., Appellees.

## Gen. No. 17,060.

1. CHANCERY—*maxims.* The maxim that persons seeking relief in equity "must do so with clean hands" does not apply where the parties are brought in on interpleader and on dismissal of the complainant and decree for one of the parties the other appeals.

2. MORTGAGES—*ownership of certificate of sale on foreclosure.* Where real estate dealers paid the cost of foreclosure proceedings

and the certificate of sale was in the possession of their lawyer or of themselves practically all of the time and only in the possession of their agent for a few minutes, and such agent gave them an assignment of his title to any certificates standing in his name, such facts tend to show that the dealers owned the certificate and that it was taken in the name of the agent for convenience, though one of the dealers testified falsely in the foreclosure proceedings that the agent owned the note.

Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed July 9, 1912.

N. L. PIOTROWSKI and CYRUS J. WOOD, for appellant.

ADLER & LEDERER, for appellees; FRANCIS ADAMS, JR., of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

A bill of interpleader was filed by Thomas M. Hunter, Bailiff of the Municipal Court of Chicago, against the appellant, Suderwski, and the appellees, who were copartners doing business as Koch & Company. The record shows that one William L. Martin had obtained a judgment against Emilia Eastman and Frederick Eastman, who were two of the defendants in a foreclosure suit in which a decree of sale had been entered and a sale had thereunder, and desired to redeem the property from the sale in order that an execution issued to him might be levied upon it. In the foreclosure suit there had been issued to Suderwski a certificate of sale. The amount necessary to effect the redemption, $1,028.77, was placed in the bailiff's hands by Martin. Thereupon both the appellant, Suderwski, and the appellees, Koch et al., laid claim to the same, the contention of the appellees being that while the certificate was made out to Suderwski, he was acting as trustee for them and had assigned the certificate to them.

In the case before us a decree was entered finding

that the bill of interpleader was properly filed; ordering, adjudging and decreeing that the complainant be dismissed from the case upon payment to the clerk of the court of the sum of $1,028.77. The decree further finds that the money to be paid by the complainant to the clerk of the court was obtained by him in his official capacity as bailiff of the Municipal Court of Chicago, upon a redemption made from a sale of certain real estate situate in the city of Chicago, made by virtue of a decree entered in a cause lately pending in the Circuit Court of Cook county, wherein Suderwski and others were the complainants, and Catharina Wetzel, as administratrix, etc., and others, were defendants; that Albert W. Brickwood, then a master in chancery of said court, in pursuance of a decree entered in said cause, executed and delivered to Suderwski his certificate of sale of the said real estate in accordance with the statute; that the interest of Suderwski in the said certificate of sale was wholly in trust for the use and benefit of the appellees, as copartners, doing business as Koch & Co.; that the said redemption was made within the time provided by statute; and that the owner of the certificate of sale was by law entitled to said redemption money; that Suderwski, in consideration of their beneficial interest therein, did assign the certificate to the appellees, and that appellees are the lawful owners of the certificate of sale and entitled to the redemption money. By the decree the clerk is ordered to pay to the complainant $10 as costs taxed in the cause, and to pay the balance of the fund to the appellees, Koch et al., as such copartners.

From this decree Suderwski has perfected an appeal. The decision of this case rests upon the determination of the question of fact as to the ownership of the certificate of redemption referred to.

Koch & Co. were real estate dealers and brokers in the city of Chicago, and the appellant worked with them or for them, sharing the profits in such trans-

actions as he was instrumental in bringing to the firm. At different times title to property was placed in his name, and he would later convey by deed to such persons as might be designated by Koch & Co. It appears that in December of each year a statement of account was presented by Suderwski and settlements agreed upon, which resulted, as claimed by the appellees, in the books of the appellees showing the balance, if any, due to Suderwski at the end of the year.

In the case now under consideration Suderwski testified: first, that he got the note from Brautigam, one of the appellees, in January, 1908. Later he testified that it was in January, 1907. In the foreclosure suit he testified that he received the note about three years prior to the taking of his testimony, which we infer was in the early part of 1908. The note referred to is the principal promissory note upon which the foreclosure proceedings were based.

Brautigam, one of the appellees, testified with regard to the note that Koch & Co. had the note in January, 1907, for collection; that they collected $300 on it in January of that year, leaving $600 balance. The note and trust deed or mortgage were placed in the hands of an attorney for foreclosure in January, 1908, and the master's certificate of sale was issued March 20, 1908. Brautigam testified that he told Suderwski that the certificate must be assigned, and that the latter told him to sign the latter's name to such assignment, which he did. Afterwards, as testified to by Brautigam, an assignment was made by Suderwski, which was not dated, but is said by Brautigam to have been executed about April 1, 1908. This was in the following form:

"For value received I hereby transfer, sell and assign to Koch & Company all contracts for the purchase of real estate and notes secured by second mortgages in my name, and all my right, title and interest in any Master's certificate which may be in my name.

"JOHN H. SUDERWSKI."

It appears that the only master's certificate which stood in Suderwski's name to which Koch & Co. at this time could claim an interest was the one now in question. At the hearing before the Master in the foreclosure proceeding Suderwski testified that he owned the principal note. At the same hearing Frank Koch, one of the appellees, testified that Suderwski purchased the note from him and got control of the note and mortgage in January, 1907, after the $300 was paid. He further stated that he could not tell the exact date. In answer to a question as to what Suderwski paid for it, or what consideration passed for the transfer of the note and mortgage, Koch said: "He paid the value of the note to me." It is admitted by counsel for appellees that Koch testified falsely at this time, but it is insisted that Suderwski did likewise.

It is urged by the appellant that the decree should be reversed because the members of Koch & Co. did not come into court with clean hands; that because they claimed in the foreclosure suit that Suderwski owned the note they are now estopped from claiming otherwise; and because the pretended assignment by Suderwski was without consideration and consequently void. Numerous cases are cited upon the well known proposition that persons seeking relief in a court of equity "must do so with clean hands." In the present case, however, the principle is not applicable. Both the appellant and the appellees were brought into court by the complainant, and now each claims title to the fund brought into court as against the complainant and also as against each other. The court in order to enter the decree must have found that Suderwski testified falsely before the master in the foreclosure proceeding when he stated he was the owner of the note, unless it should be considered from his testimony that he regarded himself as the legal owner, acting as trustee for Koch & Co. We have carefully examined the copies of the statements shown to have been made by Suderwski at the close of sev-

eral years, including the year 1907, which purported to show the state of his account with Koch & Co. We do not find in them any statement from which the inference could be drawn that he had purchased the promissory note which was in default, and the trust deed securing the same, from Koch & Co. The fact that a certificate of sale was in the hands of Koch & Co. or their lawyer practically all of the time; the testimony of Suderwski that he never had it in his possession but for a few minutes; the fact that Koch & Co. paid the cost of foreclosure, and the giving of the assignment heretofore set forth, on or about April 1, 1906, all tend to show, in our opinion, that Koch & Co. were the owners of the certificate and that it had been taken in the name of Suderwski, as had the title to other property at other times, for convenience.

We come to this conclusion notwithstanding the false testimony given by Frank Koch in the hearing before the master in the foreclosure proceeding. The learned chancellor who entered the decree in the Superior Court saw and heard the witnesses, and was better able to judge of their truthfulness than are we. We think that a correct conclusion was reached in the matter, and the decree will be affirmed.

*Affirmed.*