### SAKON *v.* SANTINI.

1. EQUITY—MAXIMS—CLEAN HANDS—MAXIM MAY NOT BE INVOKED AGAINST ONE BROUGHT INTO COURT.

Maxim that one may have no relief in equity because he does not come with clean hands contemplates mere inaction of equity court at instance of guilty party, and leaves him to his remedy at law, but where he is interpleaded at suit of another, he is entitled to have his rights adjudicated, otherwise he would be bound and his remedy at law barred.

2. BILLS AND NOTES—GAMBLING DEBTS—NEGOTIABLE INSTRUMENTS —HOLDER IN DUE COURSE.

Although, under Wisconsin statute (section 348.16, chap. 348, R. S. Wisconsin, 1929), contracts, transfers, etc., growing out of gambling are absolutely void, yet, under decisions of supreme court of that State, one who indorsed drafts payable to himself, and transferred them to pay gambling debt, may not assert their invalidity in hands of holders in due course, in view of

negotiable instruments law providing that holder in due course holds instrument ''free from any defect of title of prior parties and free from any defenses available to prior parties among themselves.''

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 27, 1931. (Docket No. 133, Calendar No. 35,522.) Decided March 2, 1932.

Bill by Ruben Sakon against Nungio Santini and others to cancel certain drafts. Defendant Merchants & Miners National Bank answered and filed bill of interpleader with plaintiff and others as defendants thereto. Decree for other defendants. Plaintiff appeals. Affirmed.

*Jones & Patek* and *Joseph W. Planck,* for plaintiff.

*Thomas J. Landers* (*Charles M. Humphrey* and *Ivan D. Wright,* of counsel), for defendants Great Northern Acceptance Corporation and Ironwood Auto Service Company.

CLARK, C. J. Plaintiff, a resident of Arkansas, procured from defendant, Merchants & Miners National Bank of Ironwood, several drafts payable to himself. In a gambling house at Hurley, Wisconsin, he indorsed and transferred them actually or in effect to the proprietor of the house, defendant Santini, and received therefor from Santini or his employee, defendant Masterson, cash and chips which he there lost in playing the game of craps against the house.

The drafts were negotiated further, and, the trial judge found correctly, are now held severally by defendants Johnson, Ironwood Auto Service Company, and Great Northern Acceptance Corporation, as holders in due course. Plaintiff stopped payment

on the drafts, and filed this bill to cancel and to enjoin transfer, payment, and collection of the same. The bank filed answer and a cross-bill of interpleader. Plaintiff answered the cross-bill and did interplead as did the other defendants who claim the drafts. The decree is in favor of the present holders of the drafts, that they hold in due course. Plaintiff has appealed.

It is urged plaintiff, as regards remedy, must abide the law of the forum, that comity does not require a nonresident shall be allowed a remedy which the law of Michigan denies to its own citizens (5 R. C. L. p. 1042), and that he may have no relief in equity as he does not come with clean hands, citing *Common Council of Cedar Springs* v. *Schlich,* 81 Mich. 405 (8 L. R. A. 851); *Bagg* v. *Jerome,* 7 Mich. 145; *Kremer* v. *Smith,* 227 Mich. 451; and other cases.

This might be if plaintiff were seeking relief as upon his original bill. But there is here an interpleader. In effect, plaintiff and the other defendants who claim the drafts have interpleaded at the suit of the bank. The said maxim of equity ought not to be applied against one brought in by interpleader. 21 C. J. p. 186; *Hunter* v. *Suderwski,* 171 Ill. App. 529. Based on the maxim, a refusal of court to act is as against one who seeks its active interposition. The maxim contemplates inaction; the court merely does not act. The offending party is left to his remedy at law, if he has one, and there is no adjudication to bar it.

There is more here than just turning plaintiff out of court. The court must adjudicate upon the respective rights of the parties who have interpleaded at the suit of the bank. It would not be equitable to decree the drafts to defendants who hold them and

to deny plaintiff's rights in them and by adjudication to bar his right of action at law on the theory that plaintiff, so brought in by interpleader, does not come with clean hands.

The decisive question is whether, under the law of Wisconsin, where the transfer was made, the transfer must be held void as against the holders in due course.

Section 348.16, chap. 348, R. S. Wisconsin, 1929, condemning gambling, is to the effect that contracts, transfers, etc., growing out of gambling are absolutely void.

In *Stoddard* v. *Burt*, 75 Wis. 107 (43 N. W. 737), there is discussion of the statute, unnecessary to decision, which tends to support plaintiff's position in the instant case, that the transfer must be held void.

In *Stevens* v. *Freund*, 169 Wis. 68 (171 N. W. 300), a suit upon a promissory note, a defense was that the note was part of a gambling transaction, and hence void under the statute. The court did not dispose of the matter, but said that the question of whether such defense would be of any avail as against a holder in due course seemed doubtful under the provisions of the negotiable instruments law, which provides that a holder in due course holds the instrument "free from any defect of title of prior parties and free from any defenses available to prior parties among themselves," and also because of *Arnd* v. *Sjoblom*, 131 Wis. 642 (111 N. W. 666, 10 L. R. A. [N. S.] 842, 11 Ann. Cas. 1179). In the latter the court held:

"Conceding, for the purposes of the discussion, that because the giving of a note for lightning rods without red-ink declaration of its consideration upon its face is in defiance of chap. 438, Laws of 1903, it is thereby rendered invalid, as we have de-

cided is a note executed on Sunday (*Howe* v. *Ballard,* 113 Wis. 375 [89 N. W. 136], and *Brown* v. *Gates,* 120 Wis. 349, 351 [97 N. W. 221, 98 N. W. 205, 1 Ann. Cas. 85]), does it necessarily follow that an innocent holder for value cannot recover thereon? It was early decided by this court that a negotiable note, invalid between the original parties because given in defiance of a statutory prohibition accompanied by a penalty—*i. e.,* one given on Sunday, but dated on Saturday,—would be enforced in the hands of an innocent holder having no knowledge of the illegal fact upon the ground of estoppel against the maker to assert such fact. *Knox* v. *Clifford,* 38 Wis. 651 (20 Am. Rep. 28). The same principle has been invoked to support a usurious negotiable note in the hands of an innocent holder, although the statute declared it 'void.' *Sage* v. *McLaughlin,* 34 Wis. 550, 556. The general grounds upon which estoppel *in pais* rests are described in *Marling* v. *Nommensen,* 127 Wis. 363, 369 (106 N. W. 844, 5 L. R. A. [N. S.] 412, 115 Am. St. Rep. 1017, 7 Ann. Cas. 364). Hardly anything is more to be anticipated than that a negotiable note will be negotiated upon the faith of what appears upon its face (*Loizeaux* v. *Fremder,* 123 Wis. 193, 198 [101 N. W. 423]); and the very issue of such paper without suggestion of any facts affecting its validity must be expected by every reasonable person to lead any purchaser to assume their nonexistence. The doctrine of *Knox* v. *Clifford, supra,* has been acted on by numerous other courts. *Cranson* v. *Goss,* 107 Mass. 439 (9 Am. Rep. 45); *Vinton* v. *Peck,* 14 Mich. 287; *Hall* v. *Parker,* 37 Mich. 590, 594 (26 Am. Rep. 540); *Johns* v. *Bailey,* 45 Iowa, 241, 245; *Leightman* v. *Kadetska,* 58 Iowa, 676 (12 N. W. 736, 43 Am. Rep. 129); *New* v. *Walker,* 108 Ind. 365 (9 N. E. 386, 58 Am. Rep. 40)—the last case being decided under substantially the same statute as the one now invoked. Other decisions affirming the validity of commercial paper in hands of innocent holder, notwithstanding illegality and consequent original invalidity, are *Union Trust Co.*

v. *Preston Nat'l Bank,* 136 Mich. 460 (112 Am. St.
Rep. 370, 4 Ann. Cas. 347); *Traders Bank* v. *Alsop,*
64 Iowa, 97 (19 N. W. 863); *Johnson* v. *Meeker,*
1 Wis. 436, 441; *Mack* v. *Prang,* 104 Wis. 1 (79 N. W.
770, 45 L. R. A. 407, 76 Am. St. Rep. 848); *Keller* v.
*Schmidt,* 104 Wis. 596, 602 (80 N. W. 935). We feel
no doubt that the principle of *Knox* v. *Clifford* is
sound and supports the right of this appellant to
recover upon the facts as they appeared at the time
of the nonsuit.''

And in that case, too, the court again quoted and
relied upon the stated provision of negotiable instru-
ments law. The decisions of the supreme court of
Wisconsin, as we read them, are to the effect that
plaintiff here may not assert invalidity of the trans-
fer of the drafts as against the holders in due course.
This is the rule in most jurisdictions.

The decree is affirmed, with costs to appellees.

McDonald, Potter, Sharpe, North, Fead, Wiest,
and Butzel, JJ., concurred.