### RITCHIE v. DRIER et al.

#### No. 9480.

United States Court of Appeals District of Columbia.

Argued June 3, 1947.

Decided Dec. 8, 1947.

Mr. Raoul Berger, of Washington, D.C., for appellant.

Mr. Bernard J. Gallagher, of Washington, D.C., with whom Mr. M. Walton Hendry, of Washington, D.C., was on the brief, for appellee Drier.

Mr. Richard L. Merrick, of Washington, D.C., entered an appearance for appellee Aron.

Messrs. Henry W. Parker, Edwin A. Mooers and Edwin A. Mooers, Jr., all of Washington, D. C., entered appearances for appellee Morris Plan Industrial Bank of New York.

Mr. Soterios Nicholson, of Washington, D.C., entered an appearance for appellees Stern Bros. and Bonwit-Teller.

Mr. A. K. Shipe, of Washington, D.C., entered an appearance for appellee Great Lakes Steel Company.

Messrs. George Morris Fay, United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D.C., entered appearances for appellee Morgenthau.

Before STEPHENS, EDGERTON and CLARK, Associate Justices.

PER CURIAM.

Private Law No. 509, approved July 19, 1940, directed the Secretary of the Treasury to pay to appellee Drier $160,000 with interest "as if" such an award to her "had been entered by the Mixed Claims Commission, United States and Germany." 54 Stat. 1341. The Secretary paid her a part of the amount. She sued him in the District Court for the balance. He deposited the balance in court and interpleaded appellant Ritchie, and others, who claimed portions of it. The District Court ordered its clerk to pay to appellee Drier and her attorney two-thirds of the sum deposited, and to hold the remaining third pending determination of the interests, if any, of appellant Ritchie and other claimants by virtue of a certain agreement made in 1945 between appellee and one Aron. Except as to appellant's possible interest under that agreement, which has not yet been determined, the court denied her claim. She asserts a claim independent of that agreement, and appeals from the court's order.

The claim which appellant asserts on this appeal is derivative. She claims only through Aron, although independently of the 1945 agreement between him and appellee. Aron, an attorney, is appellant's former husband. He acted for appellee in procuring the passage of Private Law No. 509. But he has no valid claim, independently of the 1945 agreement, upon the deposited fund. Since the Private Law was "favor legislation" no fee can be recovered for procuring it. Gesellschaft v. Brown, 64 App. D.C. 357, 78 F.2d 410, certiorari denied 296 U.S. 618, 56 S.Ct. 139, 80 L.Ed. 439; Brown v. Gesellschaft, 70 App.D.C. 94, 104 F.2d 227. It is true that an assignment which appellee made to Aron in 1935, covering awards entered and to be entered by the Mixed Claims Commission, might possibly be interpreted, by reason of the "as if" clause in the Private Law, so broadly as to include the money which Congress afterwards granted to appellee; but the assignment was made for a special purpose which has been fully served, and is no longer in effect. Since Aron has, independently of the 1945 agreement, no valid claim upon the fund in court, it follows that the same is true of appellant, who claims only through Aron. We need not determine whether, if Aron had such a claim, appellant could enforce it, either by virtue of an alleged assignment from Aron to appellant or otherwise.

In order to obtain from the Secretary of the Treasury payment of part of the amount that Congress had granted to appellee, she at one time assented to his temporarily withholding the balance. On the argument of this appeal appellant urged that, because Aron had told appellee that this withholding would inure to Aron's advantage as against appellant, appellee acquired "unclean hands" by her assent. In a brief which appellant filed later, she abandons that contention and makes the nearly opposite one that appellee acquired "unclean hands" by terminating her assent and attempting to withdraw the entire fund from the Treasury. Neither contention is valid. It was not illegal or improper for appellee either (1) to assent to the temporary withholding of part of the fund in order to ob-

tain the other part, or (2) to terminate that assent and demand payment in full. Appellee was under no legal or equitable obligation to favor appellant as against Aron, or to look out for appellant's interests in any way. "Unclean hands" cannot be attributed to appellee. Even if she had unclean hands, it is at least doubtful whether that equitable defense could be invoked against her in interpleader. Sakon v. Santini, 257 Mich. 91, 241 N.W. 160. Finally, appellant did not refer to the clean hands doctrine, as Rule 75 (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, would require, in her statement of points to be relied upon on this appeal. Jesionowski v. Boston & Maine R. R., 329 U.S. 452, 67 S.Ct. 401.

Affirmed.