**Joseph W. PARRY–HILL, Appellant,**

v.

**Donald DOWNS, Appellee.**

**No. 2275.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 8, 1958.

Decided March 3, 1959.

J. G. Chakeres, Washington, D. C., for appellant. Joseph W. Parry-Hill also entered an appearance, pro se.

Rufus King, Washington, D. C., for appellee. Downey Rice, Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

At the first trial of this action for false arrest and imprisonment there was a verdict for plaintiff. That verdict was set aside and a new trial ordered. The second trial resulted in verdict and judgment for defendant. In briefs and argument appellant asks us to review the vacation of the

81 U.S.App.D.C. 9, 154 F.2d 201; Jenkins v. Young, D.C.Mun.App., 135 A.2d 318; Johnson v. Yellow Cab Co., D.C. Mun.App., 93 A.2d 566.

first verdict and also certain alleged errors at the second trial.

After the verdict in the first trial defendant moved for judgment n. o. v. or for a new trial, assigning numerous grounds. The trial judge ordered a new trial on the grounds that the verdict was inconsistent because it disallowed recovery for malicious prosecution but found for plaintiff for false arrest, and that there was error in permitting an award of punitive damages for false arrest.

■■ The threshold question is whether appellant has any right to have those rulings reviewed. In his statement of errors appellant (who was not then represented by counsel) did not mention anything in connection with the first trial; he assigned three errors committed at the second trial. It was not until more than five months later, when appellant's attorney filed his brief in this court, that complaint was made for the first time concerning the vacating of the first verdict.

It has long been the rule that appellate review should be limited to those points stated in the assignment of errors. Jesionowski v. Boston &' Maine R. R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416; Phillips & Colby Const. Co. v. Seymour, 91 U.S. 646, 23 L.Ed. 341; Ritchie v. Drier, 83 U.S.App.D.C. 16, 165 F.2d 238, certiorari denied 334 U.S. 860, 68 S.Ct. 1518, 92 L. Ed. 1780; Helvering v. Helmholz, 64 App. D.C. 114, 75 F.2d 245, affirmed 296 U.S. 93, 56 S.Ct. 68, 80 L.Ed. 76; Lee v. United States, D.C.Mun.App., 40 A.2d 251.

This rule of law is not based on mere technicality; its purpose is to assure fair and systematic presentation of appeals, and to protect an appellee from unfair surprises by putting him on timely notice as to what rulings he will be expected to defend on appeal. The statement of errors, as we said in an earlier case, "is one of the oldest and most familiar traditional assurances of an orderly approach to appellate review." Hoover v. Babcock, D.C.Mun.App., 53 A.2d 591, 592. We also said it is the basic guide

for counsel and the trial court in preparing the statement of evidence.

The fundamental soundness of the rule is demonstrated by what happened in this case. Appellant admits an "inadvertent omission" from the statement of errors, but urges that the rule "be liberally construed if it appears that appellee has had sufficient notice and has not been prejudiced by this omission." We think it plain that appellee would be seriously prejudiced if he were required to meet and deal with new grounds of appeal having no relation to those originally presented. Had appellant included in his statement of errors the decision awarding a new trial, appellee would have been on notice that he must defend that decision. Appellee would, in the first place, have had a guide to follow in deciding whether to designate additional matter for inclusion in the record on appeal. He might, for instance, have taken steps to bring up a statement of the evidence at the first trial. (No such statement is in the record before us.) He might also have cross-assigned errors as to rulings of law in connection with the first trial. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. These could presumably have included some of the 23 grounds on which he based his motion for judgment n. o. v. or for new trial. We would then have been in a position to decide whether the verdict should have been set aside, or whether appellant had a right to have the verdict stand.

That question is not properly before us because the record is deficient. And the deficiency is due to appellant's failure to properly assign as error and his failure to discharge his primary obligation to bring up a record which would affirmatively establish error. Slater v. Cannon, D.C.Mun. App., 93 A.2d 92. We must hold that no error has been shown in connection with the first trial.

It is argued that at the second trial the judge improperly limited appellant to using two police officers as rebuttal witnesses.

But the record shows that appellant announced that he would call these witnesses in rebuttal. The record also shows that one of the officers was called and testified; but his testimony was not transcribed or otherwise included in the record; nor does the testimony of the other officer appear in the record. Thus we can find no basis for holding that the trial court improperly limited the scope of the testimony of these two witnesses.

■ Another argument is that appellant was unduly confined in his cross-examination of an Assistant United States Attorney who had testified as to certain incidents connected with the criminal prosecution. During his testimony this witness refreshed his recollection from notes. Appellant cross-examined the witness at great length concerning such notes. He contends here that he was not permitted to read all the contents of witness' memoranda to the jury. The rule is that when a witness has been permitted to refresh his recollection from a written memorandum the opposing party may see the memorandum and also has a right to have the jury see it. 3 Wigmore on Evidence, § 763 (3d ed. 1940). This, like other aspects of cross-examination, is to enable the opposing party to probe the recollection of a witness, to test his credibility, and even to impeach him. The trial judge did not misapply this rule; he did not unduly limit cross-examination concerning the notes. He did not refuse to let appellant read from the notes to the jury, except in areas which were not responsive to the direct examination of the witness. His rulings made it plain that he would permit appellant to show the jury any differences between witness' notes and his testimony. Appellant cannot claim to have been prejudiced by these rulings.

Other grounds urged for reversal were not assigned as error, or have no support in the record, or are without substance.

Affirmed.