**Mrs. Alice LITTLE, Appellant,**

**v.**

**Dr. A. J. WHITEHOUSE, Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1964.

George E. Barker, Shouse, Barker & Coplin, Lexington, for appellant.

Harbison, Kessinger, Lisle & Bush, Lexington, for appellee.

CULLEN, Commissioner.

Mrs. Alice Little, appellant, brought action against Dr. A. J. Whitehouse, appellee, to recover damages for alleged malpractice by the doctor in the performance of an operation to correct an enterocele. The jury found for the defendant and judgment was entered dismissing the complaint. Mrs. Little has appealed, contending that error was committed by the trial judge in his disposition of a request by the jury that they be permitted to take a particular deposition to the jury room.

The principal medical witness for the plaintiff was Dr. Douglas Scott. His testimony was presented to the jury by the reading of his deposition, since he was unable to be present at the trial. After having retired for deliberation at the close of the trial (which had lasted for several days and had extended over a weekend) the jury was brought back into court at its own request and through its foreman it asked that it be permitted to take Dr. Scott's deposition into the jury room. The judge stated that he could not permit that. The judge asked the jurors whether they had any further questions and their response was "No." The jury then retired again for deliberation and thereafter brought in its verdict. Counsel for both parties were present when the jury's request to take the deposition into the jury room was made and denied.

 The appellant does not suggest that the trial judge erred in refusing to let the jury have the deposition, but she maintains that the judge should have told the jurors that portions of the deposition could be re-read to them in the courtroom. The contention is based upon the provisions of KRS 29.304 and upon the foreign case of Hill v. McQueen, 204 Okl. 394, 230 P.2d 483, 22 A.L.R.2d 1220.

The statute, KRS 29.304, provides that if, after retirement of the jury for deliberation, "there be a disagreement between them as to any part of the testimony," they may request to be brought into court "where the information required shall be given" in the presence of or after notice to the parties or their counsel.

Since the jurors in the instant case obviously wanted to be reinformed as to the testimony of Dr. Scott we think that a re-reading of the deposition in the courtroom was "information required" within the meaning of the statute, although the jury did not specifically ask for a re-reading but only asked for physical possession of the deposition. It is our opinion that the trial judge, in the proper performance of his responsibility to supervise the trial, should have asked the jury whether there was a disagreement among them as to any part of Dr. Scott's testimony, and should have told the jury that parts of the deposition could be re-read to them to the extent necessary to resolve the disagreement, and we believe it was error for him to fail to do so. However, it is our opinion that the plaintiff, whose counsel sat silently by and made no effort to call attention to or prevent the error, is not entitled to complain of the error on appeal.

A basic general principle of the Rules of Civil Procedure is that a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it. See Commonwealth, Department of Highways v. Williams, Ky., 317 S.W.2d 482; Clay, CR 46, Comments 3, 4. We believe that counsel have an obligation to assist the trial judge in the avoidance of error and we concur in the view expressed in Clay, CR 51, Comment 5, p. 92, that:

" * * * Unless there may be attributed to every trial judge an omniscience which few possess, it is necessary to impose on the attorney the responsibility of assisting the judge

* * *. He should not be permitted on appeal to claim an abortive trial to which he has materially contributed by failure * * * to assist the trial judge past the pitfall of error."

The Oklahoma case (supra) relied upon by appellant (in which the failure of the trial judge to tell the jury that parts of a deposition could be re-read to them was held to be *reversible* error) is not persuasive in the decision of our case because there the attorneys were not present when the jury made its request to the judge and they had no opportunity to prevent the error.

The situation here is not comparable to one in which the judge makes prejudicial remarks or comments from the bench. See Collins v. Sparks, Ky., 310 S.W.2d 45. There could be no danger of a party's prejudicing his case by suggesting to the judge that parts of a deposition could be re-read to the jury.

It is our conclusion that the error complained of here was not properly preserved for appellate review.

The appellant argues two other grounds of error, but for the reasons hereinafter stated those grounds are not entitled to consideration.

The appellant designated only a partial record and therefore, under CR 75.04, she was required to, and did, serve a statement of the points on which she intended to rely on the appeal. The statement set forth only the point hereinbefore discussed with reference to the re-reading of the deposition; the other two points argued in the brief were not mentioned in the statement.

The clear intent of the rule, CR 75.04, is that a party be limited in his argument on appeal to the points set forth in his statement. See Ritchie v. Drier, 83 U.S.App. D.C. 16, 165 F.2d 238. Perhaps circumstances might exist in a case that would warrant the court's consideration of points not included in the statement. See Clay,

CR 75.04, Comment 4. However, we have examined the two points here involved and we find that they are not of serious importance and probably would not warrant reversal even if given full consideration.

The judgment is affirmed.