Evelyn **DARLINGTON** et al., Appellants,

v.

Clifford **DAVIS**, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1969.

Morris Weintraub, Ray L. Murphy, Newport, for appellants.

Rodney S. Bryson, Ware, Bryson, Nolan & West, Covington, for appellee.

MARVIN J. STERNBERG, Special Commissioner.

The question presented by this case is clear and concise. Is it reversible error for the clerk to fail to call the names of the jurors when they report a verdict?

This cause originated as an action for damages arising out of an automobile collision. The trial was by jury, and verdict was for the defendant. Appellants' motion to set aside the verdict of the jury, filed six days subsequent to the trial, was based upon three grounds, only one of which has been pursued on this appeal.

It is provided by KRS 29.325 as follows:

"When the jury have agreed upon their verdict, their names shall be called by the clerk and the verdict be rendered by their foreman. When the verdict is announced, either party may require the jury to be polled—which is done by the clerk or court asking each juror if it is his verdict. If more than one-fourth answers in the negative, the jury must again be sent out for further deliberation."

The affidavit of appellants' counsel, filed with the motion to set aside the verdict, states that KRS 29.235 "was not complied with in that the names of the jurors comprising the jury panel were not called by the clerk either before or after the rendition of the verdict." It is admitted that the names of the jurors were not called. The record does not disclose that this irregularity was called to the attention of the trial court at the time the verdict of the jury was read or at the time the judgment was entered.

It was stated by this court in Little v. Whitehouse, Ky., 384 S.W.2d 503, that:

"A basic general principle of the Rules of Civil Procedure is that a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it."

The record does not disclose that request was made for the names of the jurors to be called. The record does disclose that counsel for appellants affirmatively waived a poll of the jury.

No contention is made, nor could it have been made, that the failure of the clerk to call the names of the jurors could have been prejudicial to the appellants. The failure of the clerk to call the names of the jurors when no request was made that they be called, at the most, constitutes harmless error, and the judgment of the court rendered upon the verdict of a properly-instructed jury would not thereby be prejudicially erroneous. CR 61.01.

The judgment is affirmed.

All concur.