RENDERED: FEBRUARY 15, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0354-DG

HUGH KEITH MCWHORTER;  APPELLANTS
AND CAROL MCWHORTER

ON REVIEW FROM COURT OF APPEALS
NO. 2021-CA-0844
V.  FAYETTE CIRCUIT COURT NO. 21-CI-00532

BAPTIST HEALTHCARE SYSTEM, INC.  APPELLEE
D/B/A BAPTIST HEALTH LEXINGTON

## OPINION OF THE COURT BY JUSTICE CONLEY

## AFFIRMING

Keith McWhorter and his wife, Carol, filed a lawsuit[1] against Baptist Healthcare System, Inc., d/b/a Baptist Health Lexington (BHL). BHL filed a motion to dismiss arguing that the McWhorters failed to file a certificate of merit as required by KRS[2] 411.167. The trial court dismissed the case with prejudice, which the McWhorters appealed. The Court of Appeals affirmed the dismissal of the trial court. McWhorter then filed a motion for discretionary

---

[1] Keith's claim alleged medical negligence, while Carol's claim was based on loss of consortium.

[2] Kentucky Revised Statutes.

review with this Court which we granted. Upon review, we hereby affirm the Court of Appeals.[3]

## I.    FACTS AND PROCEDURAL ISSUES

The Kentucky General Assembly passed House Bill 429 (HB 429) in 2019, which became effective on June 27, 2019. This law was passed in order to ease the perceived burden on medical providers from meritless lawsuits. It was codified as KRS 411.167. On February 17, 2021, the McWhorters filed their complaint but did not include a certificate of merit. BHL filed an answer on March 3, 2021. On May 25, 2021, BHL filed a motion to dismiss on the grounds the McWhorters failed to comply with KRS 411.167 by omitting to file a certificate of merit with the complaint. In response, the McWhorters requested additional time in which to file a certificate of merit. The McWhorters argued KRS 411.167(2)(b)[4] permits a court to grant an extension to file a certificate of merit upon a showing of good cause. The McWhorters belatedly filed a certificate of merit on June 3, 2021. After a hearing held on June 11, the trial court issued an order entered on June 21, 2021, denying the McWhorters'

---

[3] This case addresses the same issues as *Sanchez v. McMillin, M.D., et al.,* 2022-SC-0272-DG, 2022-SC-0274-DG, which was heard the same day. Therefore, this opinion treads similar ground.

[4] "The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by KRS Chapter 413 would bar the action and that the consultation could not reasonably be obtained before that time expired. An affidavit or declaration executed pursuant to this paragraph shall be supplemented by an affidavit or declaration pursuant to paragraph (a) of this subsection or paragraph (c) of this subsection within sixty (60) days after service of the complaint or the suit shall be dismissed unless the court grants an extension for good cause[.]"

requested extension of time and ordering the complaint dismissed with prejudice.

The McWhorters filed a timely appeal where the Court of Appeals heard the case. At the Court of Appeals, the McWhorters abandoned their previous argument before the trial court that KRS 411.167(2)(b) permitted an extension of time to file a certificate of merit. Instead, the McWhorters argued that they had complied under KRS 411.167(7).[5] The McWhorters also argued, at the Court of Appeals but not at the trial court, that the defendants waived the certificate of merit argument by not including it in their initial answer. The Court of Appeals addressed the McWhorters' argument but held that in order to comply with KRS 411.167(7), the plaintiff must file the information with the complaint. The Court of Appeals also held that the defendant did not waive the certificate of merit issue. The McWhorters filed a motion for discretionary review, which we then granted. We now address the appeal.

## II.    ANALYSIS

The McWhorters argue in their briefs before this Court that they complied with the requirements imposed by KRS 411.167 both technically and substantially under subsection 7. They further argue that BHL failed to raise the McWhorters' purported failure to file a certificate of merit as a defense in BHL's answer. Therefore, they insist, the issue should be considered waived. Also, they claim that the trial court abused its discretion by not allowing the

---

[5] "The claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure. Nothing in this section requires the disclosure of any 'consulting' or nontrial expert, except as expressly stated in this section."

3

McWhorters to file the certificate of merit late under CR[6] 6.02. Lastly, the McWhorters allude to the unconstitutionality of KRS 411.167, should this Court not interpret the statute in their favor.

As noted above, the *only* issue raised before the trial court was that the McWhorters had indeed complied under KRS 411.167(2)(b). Furthermore, the McWhorters completely abandoned this argument both before the Court of Appeals and now before this Court. Of the remaining issues, only the McWhorter's claim that they complied with subsection 7 by supplying expert information as contemplated by the Kentucky Rules of Civil Procedure and the issue of waiver were even raised before the Court of Appeals.[7]

The Kentucky Rules of Appellate Procedure require an appellant to include:

> An **argument** conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and **which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.**

RAP 32(A)(4) (emphasis added). The McWhorters included in their brief, in a footnote, a statement claiming that these issues were preserved and cited to

---

[6] Kentucky Rules of Civil Procedure.

[7] This Court's conclusion that the issue of waiver was raised before the Court of Appeals is generous considering that this issue was lumped in with McWhorters claim of compliance under KRS 411.167(7).

the record.[8] Upon review of the record, these arguments before the trial court pertain solely to Appellant's request for an extension of time under KRS 411.167(2)(b) and not any other issue.

As this Court has consistently held, "A basic general principle of the Rules of Civil Procedure is that a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it." *S.T. v. Cabinet for Health & Fam. Servs.*, 585 S.W.3d 769, 777 (Ky. App. 2019) (citing *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964)).

Therefore, we must conclude that none of the issues the McWhorters have raised before this Court are properly preserved, so we will not consider them. It should be noted however, that if the McWhorters argument claiming compliance under KRS 411.167(7) had been properly before this Court, we would hold, as we have in our contemporaneously rendered opinion *Sanchez v McMillin, M.D., et al.,* 2022-SC-0272-DG, 2022-SC-0274-DG, that in order to comply under KRS 411.167(7), a plaintiff must file this information with the complaint.

### III.   CONCLUSION

Based on the foregoing, we hereby affirm the Court of Appeals, albeit on different grounds as set forth herein.

---

[8] Here we quote from the McWhorters' brief: "Appellant preserved their arguments by way of oral argument on Baptist Health's Motion to Dismiss and their Motion for an Extension of Time, *See* VR 6/11/21 9:09:36."

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANTS:

David M. Cross
Law Office of David M. Cross

Donald L. Wilkerson, III
Hoover & Associates Law Office

COUNSEL FOR APPELLEES:

Jeffery T. Barnett
Kimberly G. DeSimone
Barnett Benvenuti & Butler PLLC

COUNSEL FOR AMICUS CURIAE, KENTUCKY JUSTICE ASSOCIATION:

Kevin C. Burke
Jamie K. Neal
Burke Neal PLLC

COUNSEL FOR AMICUS CURIAE, COMMONWEALTH OF KENTUCKY:

Matthew F. Kuhn
Solicitor General

Jenna M. Lorence
Assistant Solicitor General