**ARON v. SNYDER, Secretary of Treasury, et al.**

**No. 10809.**

United States Court of Appeals
District of Columbia Circuit.

Submitted Nov. 13, 1951.

Decided April 10, 1952.

Harold G. Aron, appellant, pro se, submitted on the brief.

Betsy Everson Ritchie, appellee, pro se, submitted on the brief.

A. K. Shipe, Washington, D. C., entered an appearance on behalf of appellee Great Lakes Steel Corp.

Soterios Nicholson, Washington, D. C., entered an appearance on behalf of appellees Stern Bros. and Bonwit Teller, Inc.

George Morris Fay, U. S. Atty. at the time the record was filed, Charles M. Irelan, U. S. Atty. at the time the appeal was submitted, and Joseph M. Howard and L. Clark Ewing, Asst. U. S. Attys., all of Washington, D. C., entered appearances in behalf of appellee John W. Snyder, Secretary of the Treasury.

Before EDGERTON, CLARK, and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of the District Court, June 28, 1950, distributing a fund in its Registry to numerous lien creditors of Harold G. Aron, appellant, who, through developments in the case, had become entitled thereto subject to the claims of such creditors.

The pertinent facts are as follows: In April 1943, Katharine M. Drier sued the Secretary of the Treasury for payment of a large sum covering an award of the Mixed Claims Commission (United States and Germany) implemented by Private Law 509.[1] Aron had notified the Secretary of his claim against the fund for legal services in procuring the award to Drier. Betsy E. Ritchie, Aron's former wife, had also asserted rights as against any interest of Aron. Other creditors of Aron did likewise. In these circumstances the Secretary deposited the money in the Registry of the court and interpleaded those who had laid claims against the fund. These parties, and others who intervened, pleaded their claims arising through Aron.

On May 2, 1945, Drier and Aron agreed that the latter should resume his services for collection of balances due Drier; that two-thirds of the fund then in the Registry should be paid to Drier, and that the remaining third should be used to buy up intervening claims against Aron in such amounts as should be designated by him *or by the court.* By order of November 15, 1946, the court, Judge Schweinhaut sitting, approved said agreement; entered judgment in Drier's favor; directed that two-thirds of the fund be paid to her, and that the balance, $18,165.77, remain in the Registry pending further order. The court also referred the interest of other parties (claimants against Aron's share) to the Auditor for findings and report,[2] and denied the claims of intervenors, *except in so far as their interest appeared in connection with the agreement.* Ritchie appealed the judgment. This court affirmed, 1947, 83 U.S.App.D.C. 16, 165 F.2d 238, holding, *inter alia,* that Aron had no valid claim upon the deposited fund independently of the Drier-Aron agreement of May 2, 1945.

The fund in the Registry was augmented with another deposit by the Secretary of the Treasury for monies awarded to Drier. Through agreement between Drier and Aron, and consent of all other parties to the cause, the court, Judge Matthews sitting,[3] March 21, 1950, ordered an equal division of the additional deposit between Drier and Aron, with the proviso that Aron's share, $16,706.26, should remain in the Registry "pending further order of the Court." The order also stated that the $18,165.77 held in the Registry under the order of Judge Schweinhaut "is unaffected by this Order."

Aron, on April 17, 1950, through his attorney, moved the court to distribute the entire fund then in the Registry, $34,867.04, to certain claimants and others, including Aron, in amounts and upon conditions set forth in the motion. Finally, after hearing, with all parties present in person or by

---

1. Act of July 19, 1940, c. 645, 54 Stat. 1341.

2. This reference to the Auditor was never carried out, thus leaving the claims to be dealt with directly by the court.

3. Erroneously stated in Appendix to appellant's brief as Judge Curran.

counsel, the court, Judge Tamm sitting, entered the judgment of June 28, 1950, here appealed from. This judgment directed forthwith distribution of the entire fund in a manner differing in several respects from Aron's motion. Neither the judgment nor the record, as covered by the Appendix to appellant's brief,[4] reveals any objection to the judgment at the time it was entered.

 On this appeal Aron has appeared and filed a brief *pro se*. Although in some respects the brief seriously transgresses our rules, we have nevertheless considered it. No brief has been filed by an appellee. Aron contends that the effect of the orders of Judges Schweinhaut and Matthews was to vest in Aron absolute legal and beneficial right to the funds in the Registry; hence that the court had no authority or control over those funds except to disburse them pursuant to Aron's direction as expressed in his motion of April 17, 1950. We think the contention is without merit. Construing the orders in the light of the record, we conclude that the District Court had assumed control of the funds covered by said orders to await adjudication of the claims against the funds by Aron's creditors. Obviously, the court had jurisdiction to hold the funds for that purpose and finally, upon adjudication of the claims, to order distribution in accordance with its conclusions concerning the rights of all parties. That is what the court did. Aron also complains against the action of the Clerk in disbursing the funds immediately after entry of the judgment as contrary to Rule 62(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing an automatic stay of ten days against execution or enforcement of judgments. Doubtless the Clerk acted agreeably to the court's direction "to pay forthwith" the amounts as provided by the judgment. Although Aron now claims that the judgment was contrary to certain specific objections made orally by his attorney to the court, nevertheless the attorney was present when the judgment was signed and there is no contention that objection was made by the attorney, or by anyone else, before or at the signing of the judgment, to

4. Our Rule 17(c)(10) requires the appellant to print as an appendix to his brief "such parts of the record material

the provision for "forthwith" disbursal of the fund. At all events, in view of our ruling against Aron's basic contentions as to validity of the judgment, it follows that any premature disbursal of the fund was without prejudice to his ultimate rights. The judgment is

Affirmed.

to the questions presented as the appellant desires the court to read."