**UNITED STATES of America, Plaintiff,**

**v.**

**3,035.73 ACRES OF LAND, MORE OR LESS, SITUATED IN MONROE COUNTY, STATE OF ARKANSAS, and S. Norris Broadhead, et al., and Unknown Owners, Defendants.**

**No. H–C–77–74.**

United States District Court,
E. D. Arkansas, E. D.

June 9, 1980.

On Motion to Compel Repayment Pending Appeal Aug. 18, 1980.

Walter G. Riddick, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

James Bruce McMath, McMath & Leatherman, P. A., Little Rock, Ark., for defendants S. Norris Broadhead, et al.

W. Harley Cox, Jr., Coleman, Gantt, Ramsay & Cox, Pine Bluff, Ark., for defendant Tupelo Timber, Inc.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

By complaint and Order of Possession, the United States acquired title to the lands described in the complaint in this eminent domain proceeding. The Order of Possession was filed November 22, 1977, which date is the date of valuation of the real property and interests therein taken. The issues have been narrowed substantially by a Partial Summary Judgment filed herein heretofore, and by an agreement and stipulation between the United States and S. Norris Broadhead, Paul E. Broadhead, and the Estate of Sam E. Broadhead, deceased.

The Partial Summary Judgment determined that Tupelo Timber, Inc., an Arkansas Corporation, was the owner of an interest in the lands taken and entitled to receive just compensation as a result of the taking. The agreement and stipulation establish that just compensation for the fee simple interest in the lands, except for oil and gas leases outstanding of record as of the date of taking is $1,062,000.00, which amount was paid into the registry of this Court.

Pursuant to notice and regular setting this cause was tried to the Court, without the intervention of a jury, on February 7 and 8, 1980. Those appearing with claims of ownership and entitlement to just compensation were Tupelo Timber, Inc., and S. Norris Broadhead, et al, known collectively as the Broadhead Estate. The United States appeared, having filed prior to trial a Motion for Summary Judgment, which was taken under advisement by the Court pending receipt of the evidence presented at the trial. Evidence was heard and taken on behalf of all parties represented, the parties then rested and were permitted to file with the Court suggested findings of fact, conclusions of law, and briefs in support thereof.

All suggested findings and conclusions have been received and the case is submitted to the Court. Findings of fact and conclusions of law are incorporated herein pursuant to Rule 52, Federal Rules of Civil Procedure.

On September 10, 1979, this Court filed a Memorandum Opinion, wherein it was determined that Tupelo Timber, Inc., (Tupelo) was, at the time of the taking herein, the owner of a compensable interest in the standing timber in place upon the lands taken. That Memorandum is incorporated herein by reference and the findings and conclusions set out therein are reaffirmed.

This Court has jurisdiction of this cause and of the parties pursuant to 28 U.S.C. § 1358 and venue pursuant to 28 U.S.C. § 1403, this being an action to condemn real estate for the use of the United States and said real estate being located within this district.

Pursuant to the agreement and subsequent stipulation between the United States and the Broadheads, the amount of just compensation has been agreed upon and the United States is not subject to the payment of any amount awarded to Tupelo herein. Any such amount shall be payable from the amount agreed upon between the United States and the Broadheads as full just compensation for all interests in the lands taken, and deducted from the amount which the Broadheads would otherwise be entitled to receive, the interest of Tupelo

being a reduction in or charge against the fee interest of the Broadheads in and to the lands condemned.

The issue to be determined is the amount of just compensation due to Tupelo for the taking of its interest in the lands. This is measured by the "fair market value" of that interest as of November 22, 1979, that is, the price which a willing buyer, willing but not forced to buy, would pay and which a willing seller, willing but not forced to sell, would accept, after a reasonable period of negotiations, each party having knowledge of all factors affecting the value.

From the evidence as to past actions of the parties, and the prior cutting and removal of timber, evidence of those persons with special knowledge of the land, with special knowledge as to the species and distribution of the timber in place thereon as to the date of taking, with special knowledge as to the feasibility and expense of cutting and removing such timber, with special knowledge as to the amount and character of timber on the lands, with special knowledge as to the condition of the market, both as to lands with standing timber and as to timber after severance, the Court has been afforded a reasonable basis for making its findings of fact herein.

The Court finds that a reasonable buyer would have considered that the interest to be acquired was some 3,779,108 board feet of standing timber, and that such timber must be removed prior to July 31, 1980, or all rights to any not cut and removed would revert to the landowner. A prospective purchaser would have considered that cypress timber was the most valuable species on the tract, and would have based a value primarily on a determination of how much cypress was on the lands, its location, concentration and quality, and the ease or difficulty of cutting and removing such timber, as well as the cost thereof.

The Court credits the testimony of Mr. Harris Vandergriff as to the results of his "strip cruise", as the best evidence of the amount of merchantable cypress timber, but recalls that such a cruise is merely a sample from which an estimate is made, assuming that the average of the entire property is of the same general character as the strip actually counted. On the basis of all the testimony, the Court finds that a buyer would have considered that some 3,000,000 board feet of merchantable cypress timber was in place on the lands at the time of taking, and accessible to logging.

The Court credits the testimony of Mr. John Anderson as to the feasibility and relative expense of cutting and removing cypress timber from the locations where it was in place on the lands, and finds that some 3,000,000 board feet of merchantable cypress timber could have been economically cut and removed from the lands taken before July 31, 1980.

The Court has considered all of the evidence as to the market value of the cypress timber in place on the lands as of the date of taking. Taking into consideration all of the evidence as to the location, distribution, accessibility, grade, and size of the standing cypress timber, taking into consideration all of the testimony as to sales of standing timber by others, as well as the testimony concerning its comparison with the timber on the lands taken and other circumstances which might have affected the relative values of the respective timber, taking into consideration the testimony as to the market for cypress timber in the area of the lands taken, and giving consideration to the opinions of the expert witnesses, it is the finding of the Court that the fair market value of the standing timber subject to the interest of Tupelo on the lands taken, as of the date of taking, is to be calculated on the basis of $70.00 per thousand board feet.

With a price of $50.00 per thousand board feet to be paid to the landowners upon severance, the Court finds that a buyer would consider that the fair market value of the interest of Tupelo in the lands would be calculated by multiplying the net return per thousand, $70.00 minus $50.00, or $20.00 per thousand, times the amount of recoverable, merchantable cypress on the lands, 3,000,000 board feet, to arrive at a figure of $60,000.00.

■ The Court, therefore, finds and concludes that the fair market value of the interest of Tupelo Timber, Inc., in and to the standing timber upon the lands condemned herein, as of November 22, 1977, is $60,000.00, and that Tupelo Timber, Inc., is entitled to receive that amount, together with proportionate interest earned during the pendency of this action, as just compensation for the taking of its interest. This amount shall be deducted from the amount otherwise due as just compensation for the interests taken from S. Norris Broadhead, et al.

Counsel for Tupelo Timber, Inc., will prepare a judgment in accordance with this opinion, copies will be provided to counsel for the Broadheads and for the United States for their approval as to form or suggested modification, and such form, together with any suggested modifications, will be presented to the Court.

## ON MOTION TO COMPEL REPAYMENT PENDING APPEAL

The Court has been presented in this case with a motion to compel defendants to repay judgment award into the court pending an appeal, or for a temporary restraining order and/or injunction. By complaint and order of possession the United States acquired title to the lands described in the complaint as an eminent domain proceeding. The order of possession was filed November 22, 1977.

During the course of discovery partial summary judgment, by agreement and stipulation between the parties, was entered.

Following a hearing on February 7 and 8, 1980, the Court entered a memorandum opinion on June 9, 1980, determining the fair market value of the interest of Tupelo Timber, Inc., as of November 22, 1977, to be $60,000. Previously, the partial summary judgment determined that Tupelo Timber, Inc., an Arkansas corporation, was the owner of an interest in the lands taken and entitled to receive just compensation as a result of the taking.

The agreement and stipulation established that just compensation for the fee simple interest in the lands, except for oil and gas leases, was $1,062,000, which amount was paid into the registry of the court.

After the Court determined the interest of Tupelo Timber, Inc., counsel for Tupelo was directed to prepare a judgment pursuant to the opinion, provide a copy to counsel for the defendants Broadhead and a copy for the plaintiff United States for their approval or suggested modification, and a copy to the Court.

Counsel for Tupelo Timber, Inc., submitted a proposed judgment to the Court and to counsel for the other parties on June 12, 1980. A request was made for any comments to be presented to the Court with reference to propriety of the judgment form. The judgment provided that the clerk of the court, from the funds in his possession, pay to the defendant Tupelo Timber, Inc., $70,363.56, representing the principal sum of $60,000 as determined by the Court, and its proportionate share of interest earnings thereon directly upon the maturity of the securities held by the clerk together with Tupelo's costs, and that all of the rest, residue and remainder of such funds held by the clerk be paid over and delivered to the defendants S. Norris Broadhead, Martha P. Broadhead, his wife, Paul E. Broadhead, Trustee for the Paul E. Broadhead Trust, and Dennis Goldman, Trustee for the Paul E. Broadhead Trust.

After receiving the proposed judgment from counsel for Tupelo Timber, Inc., and on being advised that counsel for the other parties was served with a copy of the proposed judgment, the Court withheld the entering of the judgment for a period of 10 days, giving other counsel an opportunity to respond or otherwise object to the proposed judgment. The Court received no response or objection from counsel for the Broadheads or from the plaintiff, United States of America. After the lapse of 10 days, on June 23, 1980, the Count entered the judgment directing the clerk to make the payments in accordance with the terms of the judgment.

Pursuant to the judgment entered by the Court on June 23, 1980, the clerk made payments to the respective parties accordingly.

Subsequent thereto, on July 7, 1980, counsel for the defendants Broadhead filed a notice of appeal pursuant to Rule 3, Federal Rules of Appellate Procedure, proposing to appeal to the United States Court of Appeals for the Eighth Circuit from a judgment entered by the Court on June 23, 1980.

The pending motion to compel the defendant Tupelo to repay the funds it received into the Court pending appeal was filed July 30, 1980.

Counsel for defendants Broadhead claims that the disbursement by the clerk occurred three days after the entry of the judgment in violation of Rule 62(a) of the Federal Rules of Civil Procedure. Rule 62(a) provides:

"Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction * * *, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of the rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal."

In the alternative, the motion of defendants Broadhead seeks a temporary restraining order and/or injunction to be issued enjoining Tupelo Timber, Inc., from spending or otherwise disposing of the sum pending appeal. No brief has been submitted by counsel in support of the motion.

Counsel for Tupelo Timber, Inc., has responded to the motion of defendants Broadhead by the filing of a memorandum brief in which it is stated that the sole issues between the parties were (1) whether Tupelo Timber, Inc., was entitled to damages for the taking of its interest in the affected property, and (2) if so, what the amount of those damages were.

This land condemnation proceeding was filed November 11, 1977. The Government deposited $1,062,000 into the registry of the court as just compensation on November 22, 1977. By stipulation of the parties the funds were placed as interest–bearing securities. Subsequently, on a maturity date, all of the funds held in the registry of the court except $175,000, with prorated accrued interest, was paid by direction of the Court to Broadheads. The Court ordered the remaining $175,000 to be placed on interest–bearing securities by the clerk.

When the Court ordered the remaining funds to be disbursed, the clerk was required to do so on the maturity date of the securities. As it happened, this occurred 3 days after the Court entered a judgment on June 23, 1980, or 14 days following the notification of counsel for the defendants Broadhead with the proposed judgment.

As has been stated by counsel for Tupelo, there is a serious question as to the application of Rule 62(a) where no action was taken on a judgment against the judgment debtor or his property. There was no execution or other proceeding taken against defendants Broadhead or any of their property. The object of the lawsuit was a question of ownership of the funds. In the Court's opinion Tupelo owned the funds in the sum of $60,000 plus accrued interest thereon.

A similar situation occurred where the very same issue was considered by the Court of Appeals, District of Columbia, 1952. In *Aron v. Snyder,* 196 F.2d 38, cert. denied (1952), 344 U.S. 854, 73 S.Ct. 92, 97 L.Ed. 663, reh. denied, 344 U.S. 888, 73 S.Ct. 183, 97 L.Ed. 687, it was held that the funds in the registry of the court were subject to the court's control and were disbursed "forthwith" by the clerk on order of the court. An objection was made on the basis raised in the instant case by the defendants Broadhead under Rule 62(a). In overruling the objection the court stated:

"Although *Aron* now claims that the judgment was contrary to certain specific objections made orally by his attorney to

the Court, nevertheless the attorney was present when the judgment was signed and there is no contention that objection was made by the attorney, or by anyone else, before or at the signing of the judgment, to the provision for 'forthwith' disbursal of the fund. *Id.*, 196 F.2d 38 at p. 40."

In that case as in the instant case there was no contention that objection was made by the attorney or by anyone else before or at the signing of the judgment to the provision for "forthwith" disbursal of funds. The difference, being that the judgment of the Court directed the clerk in the instant case to disburse the funds "directly upon the maturity of the security held by the clerk, etc." The District of Columbia Court went on the state:

"At all events, in view of our ruling against Aron's basic contentions as to validity of the judgment, it follows that any premature disbursal of the fund was without prejudice to his ultimate rights."

The motion of the defendants Broadhead is without merit and will be denied.

IT IS, THEREFORE, ORDERED that the motion of the Broadheads, defendants herein, to compel defendant Tupelo Timber, Inc., to repay judgment award into the Court pending appeal, or for a temporary restraining order and/or injunction to be issued enjoining Tupelo Timber, Inc., from spending or otherwise disposing of said funds pending appeal, be and the same is hereby denied.