RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0231-MR

BRE'ANNA KING; ERICA
JACKSON; MYISHA HUDDLESTON;
SANTAYANNA MITCHELL; AND
TRAQUANDA CLAY                                                    APPELLANTS


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE MITCH PERRY, JUDGE
                        ACTION NO. 22-CI-005618


JEFFERSON COUNTY BOARD OF
EDUCATION D/B/A JEFFERSON
COUNTY PUBLIC SCHOOLS; CHRIS
KOLB; CORRIE SHULL; DIANE
PORTER; JAMES CRAIG; JOE
MARSHALL; LINDA DUNCAN;
SARAH MCINTOSH; AND TIM
FRANKLIN                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Bre'anna King, Erica Jackson, Myisha

Huddleston, Santayanna Mitchell, and Traquanda Clay ("Appellants"), as

representatives of their minor children, appeal from an opinion and order of the Jefferson Circuit Court dismissing their action alleging that the Jefferson County Board of Education ("the Board") and its Board members negligently trained and supervised school bus driver Tim Franklin. They also asserted a claim under the Kentucky Civil Rights Act ("KCRA"); a claim alleging negligence against the Board and its members; and a claim for negligence and outrageous conduct against Franklin. Appellants argue that the circuit court erred in dismissing their claims based on governmental immunity, qualified official immunity, and the failure to state a claim upon which relief may be granted. After careful review, we find no error, and affirm the opinion and order on appeal.

## FACTS AND PROCEDURAL HISTORY

Franklin is a school bus driver employed by the Jefferson County Board of Education d/b/a Jefferson County Public Schools. On August 26, 2022, he was operating a school bus transporting elementary school students home from Carter Traditional Elementary School in Jefferson County, Kentucky. The students were 5 to 10 years old. Before leaving the school, Franklin became aware of a dispute between two students on the bus. In order to reduce the risk of the students arguing, Franklin seated them apart on the bus.

When Franklin stopped the school bus at one of its scheduled stops, an adult male, Delvantae King, and a minor child entered the school bus. King

was belligerent and acting in a threatening manner toward one of the children on the bus who apparently was involved in the dispute. In order to protect the children from King, Franklin positioned himself in the aisle to block King's movement further into the bus. Franklin was not confrontational with King, whose ire was focused on one of the children. In his anger, King was yelling and gesturing in a threatening manner, and he said that he was going to flip the bus over.

The incident was captured on a cell phone video, which was included in a WDRB news story and was made part of the record. In the video, children can be heard screaming and crying, with one child saying that she wanted her mother. After the incident, King departed from the bus, and Franklin drove it back to Carter Traditional Elementary School. King was later charged with various offenses arising from the incident.

On October 27, 2022, Appellants, as guardians, mothers, and next friends of their respective minor children[1] on the school bus, filed the instant action in Jefferson Circuit Court against the Board, individual Board members, and Franklin.[2] The complaint alleged that Franklin engaged in tortious, outrageous

---

[1] The five mothers represent six children.

[2] The record references the Board and Jefferson County Public Schools ("JCPS") interchangeably.

conduct by knowingly stopping the bus where King – a convicted felon – could enter the bus and threaten the children; that the JCPS negligently trained and supervised Franklin; that Franklin was negligent in his actions that day; and, that the JCPS violated the KCRA[3] by failing to provide any security on the bus because it was transporting African American children.

The matter proceeded in Jefferson Circuit Court, culminating with Appellees filing a motion to dismiss the complaint. In support of the motion, Appellees argued that governmental and qualified official immunity barred the action against the Board and its individual members. It further asserted that the record did not support a claim of negligence or outrageous conduct against Franklin, who it argued performed his job duties in a professional manner and in accordance with JCPS guidelines. On February 14, 2023, the circuit court entered an order granting Appellees' motion to dismiss, and this appeal followed.

## STANDARDS OF REVIEW

A Kentucky Rules of Civil Procedure ("CR") 12.02 motion to dismiss is a pure question of law; therefore, an appellate court reviews the issue *de novo. Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

The issue of whether a defendant is entitled to the defense of sovereign or governmental immunity is a question of law. *See Rowan County v.*

---

[3] Kentucky Revised Statutes ("KRS") 344.020.

*Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004)). This means "we owe no deference to the legal conclusions" of the circuit court. *Howard v. Big Sandy Area Development District, Inc.*, 626 S.W.3d 466, 470 (Ky. 2020).

## ARGUMENTS AND ANALYSIS

Appellants, through counsel, argue that the Jefferson Circuit Court committed reversible error in dismissing their complaint. They argue that they stated a claim against Franklin sufficient to overcome Appellees' motion to dismiss. They also assert that the circuit court improperly failed to acknowledge the special relationship between the Board and the children, which created an affirmative duty to take all reasonable steps to avoid harm. Appellants go on to argue that the circuit court erred in failing to allow them to move forward with their KCRA claim, because they properly stated the cause of action and it is supported by the record. Lastly, Appellants maintain that none of the Appellees are entitled to governmental or qualified immunity. Specifically, they argue that the Board's duty to protect students is ministerial, *i.e.*, implicating mandatory rather than discretionary acts to ensure student safety. Because no immunity is granted for the exercise of ministerial acts, Appellants argue that the circuit court erred in shielding the Board members in their individual capacities with qualified

official immunity. They seek an opinion reversing the judgment below and remanding the matter to the Jefferson Circuit Court for further proceedings.

Appellants first argue that the circuit court erred in concluding that they failed to state a claim as to Franklin's alleged negligence and outrageous conduct. This issue centered on whether the record could support the claim if the matter proceeded to trial, rather than on whether Franklin was immune from suit. In answering this question in the negative, the circuit court determined that Appellants' claims against Franklin arose largely or exclusively from the news story broadcast by a local media outlet. The court found that the record did not support Appellants' assertion that Franklin negligently drove to the bus stop where King was waiting.

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. Accordingly, a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.] Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, . . . an appellate court reviews the issue de novo.

*Tucker v. Tucker*, 623 S.W.3d 142, 144-45 (Ky. App. 2021) (internal quotation marks and citations omitted).

When reviewing this issue *de novo*, we agree with the circuit court that Appellants would not be entitled to relief under any set of facts which could be

proved. Franklin stated that at the school, he became aware of a dispute or "situation" between two students, which resulted in him seating them apart on the school bus. The record does not demonstrate that Franklin was aware that King would be waiting at a bus stop, nor that King would unlawfully enter the bus to threaten and terrorize the students. To the contrary, Franklin's actions are more properly characterized as professional, if not heroic. He positioned his body in the aisle to prevent King from moving further into the bus, while not becoming confrontational with King. Franklin protected the students, diffused the situation, encouraged King to leave the bus, and then returned the bus to the school rather than proceeding to additional bus stops where King might try again to enter the bus. The circuit court correctly determined that Appellants' claims of negligence and outrageous conduct against Franklin were unsupported by the record and were properly subject to dismissal per CR 12.02. We find no error. For the same reason, we are not persuaded by Appellants' assertions that Franklin or the Board breached a duty arising from a "special relationship" between Franklin and the students.

Appellants next argue that the Jefferson Circuit Court erred in failing to address their KCRA claim. While acknowledging that the KCRA as currently enacted does not apply to the instant facts, Appellants argue that the circuit court should have modified or extended the KCRA to apply to the matter before us.

They contend that the Board improperly failed to provide adequate security on the school bus; that this failure was fueled by the Board's racism against African American students; and that the Board's failure to protect the students should properly fall within the scope of the KCRA.

We must first note that Appellants have not complied with Kentucky Rules of Appellate Procedure ("RAP") 32(A)(4), which requires a statement at the beginning of the Argument with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner. When a party fails to demonstrate that an issue is preserved, we may ignore the deficiency and proceed with the review; strike the brief or its offending portions; or, review the issues raised in the brief for manifest injustice only. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

Further, Appellants are limited on appeal to issues raised in their Prehearing Statement. RAP 22(C)(2). It states, "[a] party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised." *Id.* Appellants' Prehearing Statement lists 1) Franklin's negligence and 2) qualified sovereign immunity as the issues to be raised. Even with an expansive interpretation of the issues listed, Appellants did not raise the KCRA issue in their Prehearing Statement.

Additionally, the circuit court did not address this issue below. "[A] party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it." *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964) (citation omitted).

Even when ignoring the failure to preserve per *Hallis*, since this issue was not addressed by the circuit court and was not raised in the Prehearing Statement as an issue to be considered, we have no basis for reversing the circuit court's opinion and order on this issue.

Appellants' remaining arguments center on whether the circuit court properly determined that the Board, and the individual Board members in their official and individual capacities, were shielded from liability by governmental immunity and/or official immunity. Appellants contend that the individual Board members failed in their ministerial duty set out in KRS 158.110(4) requiring them to adopt rules and regulations to ensure the comfort, health, and safety of children who are being transported. Appellants point out that the video of the incident captured by a child on the bus clearly shows no security measures to prevent King and the young girl from entering the bus. Appellants also argue that in its first opportunity to do so via its motion to dismiss, the Board did not argue that King broke through a security barrier to prevent him from entering the bus, nor that King broke through a locked door or window. The focus of their argument on this issue

is that the Board and its members had an affirmative ministerial duty to protect the

children, that they breached that duty with inadequate security measures, and that

the breach is not shielded by governmental nor official immunity.

> [G]overnmental immunity is the public policy,
> derived from the traditional doctrine of sovereign
> immunity, that limits imposition of tort liability on a
> government agency.  The principle of governmental
> immunity from civil liability is partially grounded in the
> separation of powers doctrine embodied in Sections 27
> and 28 of the Constitution of Kentucky.  The premise is
> that courts should not be called upon to pass judgment on
> policy decisions made by members of coordinate
> branches of government in the context of tort actions,
> because such actions furnish an inadequate crucible for
> testing the merits of social, political or economic policy.
> Put another way, it is not a tort for government to govern.
> Thus, a state agency is entitled to immunity from tort
> liability to the extent that it is performing a
> governmental, as opposed to a proprietary, function.

*Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (internal quotation

marks, citations, and footnote omitted).

> If a state agency is deemed to have governmental
> immunity, its officers or employees have official
> immunity when they are sued in their official or
> representative capacity.  The immunity that an agency
> enjoys is extended to the official acts of its officers and
> employees.  However, when such officers or employees
> are sued for negligent acts in their individual capacities,
> they have qualified official immunity.

*Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007).

"Official immunity" is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function performed. Official immunity can be absolute, as when an officer or employee of the state is sued in his/her representative capacity, in which event his/her actions are included under the umbrella of sovereign immunity . . . . Similarly, when an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled . . . . But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment. Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, (2) in good faith; and (3) within the scope of the employee's authority. An act is not necessarily "discretionary" just because the officer performing it has some discretion with respect to the means or method to be employed. Qualified official immunity is an affirmative defense that must be specifically pled.

*Yanero*, 65 S.W.3d at 521-22 (citations omitted).

Thus, governmental immunity shields governmental agencies when performing a governmental function; official immunity protects employees of governmental agencies when sued in their official capacities for acts performed in the exercise of their discretionary authority; and qualified official immunity shields employees of governmental agencies when sued in their individual capacities for

-11-

discretionary acts made in good faith and within the scope of their employment.[4]

*Id*. at 519-23.

In granting Appellees' motion to dismiss, the Jefferson Circuit Court determined that the Board, and its members in their official capacities, are entitled to governmental immunity. After closely examining the record and the law, we agree that the Board and its members in their official capacities are immune from Appellants' claims. The Jefferson County Board of Education is a political subdivision of the Commonwealth. *See Yanero*, 65 S.W.3d at 527; *Ammerman v Bd. of Ed. of Nicholas Cnty.*, 30 S.W.3d 793, 797 (Ky. 2000). The parties acknowledge that transporting schoolchildren is a governmental function. Thus, and per *Yanero*, the Board and its individual members in their official capacities are entitled to governmental immunity/official immunity on Appellants' claims, as they were performing a governmental function. The Jefferson Circuit Court properly so found.

Lastly, we must consider whether the Jefferson Circuit Court properly determined that the Board members in their individual capacities are entitled to qualified official immunity. As noted above, officials are entitled to

---

[4] The circuit court, the parties, and the case law sometimes use different terminology when addressing the same form of immunity. "Sovereign immunity" and "governmental immunity" are used interchangeably, as are "governmental immunity" and "official immunity" when applied to governmental employees in their official capacities.

qualified official immunity if their discretionary actions are done in good faith and within the scope of their authority. *Yanero*, *supra*. We agree with the circuit court that deciding how to best provide for safety and security on school buses is a discretionary act. While the Board members have a ministerial duty to safeguard the students, the implementation of that ministerial directive is discretionary because it requires "good faith judgment calls made in a legally uncertain environment." *Yanero*, 65 S.W.3d at 522. That is to say, while the Board members have a ministerial duty to safeguard students, the decisions as to how that duty is carried out necessarily involve discretion. And as noted by the circuit court, Appellants have not alleged that the Board members acted in bad faith nor outside the scope of their authority. Under the facts before us, the Board members in their individual capacities were entitled to qualified official immunity, and the Jefferson Circuit Court properly so ruled.

## CONCLUSION

Per CR 12.02 and *Tucker*, *supra*, Appellants would not be entitled to relief on their claim against Franklin under any set of facts which could be proved. Therefore, their action was properly dismissed as to Franklin. Appellants' KCRA claim was not addressed by the Jefferson Circuit Court, was not set out in Appellants' Prehearing Statement, and is not preserved for review in accordance with RAP 22(C)(2). Accordingly, it was not subject to our review. Lastly, the

Board is entitled to governmental immunity; the Board members in their official capacities to official immunity; and the Board members in their individual capacities to qualified official immunity. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court.[5]


ALL CONCUR.


BRIEF FOR APPELLANTS:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEES:

Matthew R. Palmer-Ball
Daniel P. Reed
Jacob M. Abrahamson
Louisville, Kentucky

---

[5] In Appellants' written argument, Hon. Jeffrey A. Sexton engaged in a series of *ad hominem* accusations against Hon. Mitch Perry, Judge, including claims that Judge Perry "just punted this case to the Court of Appeals"; refused to "expend any intellectual rigor beyond that required for its daily docket of slip and fall and marijuana possession cases"; and, refused to properly examine the legal issues because the children and King are African American. The record does not support these serious accusations. Sexton is therefore urged to conform his conduct to Supreme Court Rule 3.130(8.2) (Kentucky Code of Professional Responsibility – Judicial and Legal Officials), which bars a lawyer from making "a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge."